**UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE**

---------------------------------------------------------  :
SHIVA STEIN,                                              :
                                                          :
                 Plaintiff,            :     Case No. _____
                                                          :
v.                                                        :     **COMPLAINT FOR VIOLATIONS OF**
                                                          :     **SECTIONS 14(e), 14(d) AND 20(a) OF**
CARBONITE, INC., STEVE MUNFORD,                           :     **THE SECURITIES EXCHANGE ACT**
LINDA CONNLY, SCOTT DANIELS,                              :     **OF 1934**
DAVID FRIEND, CHARLES KANE, TODD                          :
KRASNOW, MARINA LEVINSON, OPEN                            :     **JURY TRIAL DEMANDED**
TEXT CORPORATION, and CORAL                               :
MERGER SUB INC.,                                          :
                                                          :
                 Defendants.           :
---------------------------------------------------------  :

Shiva Stein ("Plaintiff"), by and through her attorneys, alleges the following upon information and belief, including investigation of counsel and review of publicly-available information, except as to those allegations pertaining to Plaintiff, which are alleged upon personal knowledge:

1.       This is an action brought by Plaintiff against Carbonite, Inc. ("Carbonite or the "Company") and the members of Carbonite's board of directors (the "Board" or the "Individual Defendants" and collectively with the Company, the "Defendants") for their violations of Sections 14(e), 14(d), and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), in connection with the proposed acquisition of Carbonite by affiliates of Open Text Corporation ("Open Text").

2.       Defendants have violated the above-referenced sections of the Exchange Act by causing a materially incomplete and misleading Solicitation Statement on Schedule 14D-9 (the "Solicitation Statement") to be filed on November 25, 2019 with the United States Securities and

Exchange Commission ("SEC") and disseminated to Company stockholders. The Solicitation Statement recommends that the Company's stockholders tender their shares in support of a proposed transaction whereby Coral Merger Sub Inc. ("Merger Sub"), a wholly owned subsidiary of Open Text, will merge with and into Carbonite, with Carbonite continuing as the surviving corporation and a wholly-owned subsidiary of Open Text (the "Proposed Transaction"). Pursuant to the terms of the definitive agreement and plan of merger the companies entered into (the "Merger Agreement"), each Carbonite common share issued and outstanding will be converted into the right to receive $23.00 per share in cash (the "Merger Consideration"). In accordance with the Merger Agreement, Merger Sub commenced a tender offer (the "Tender Offer") to acquire all of Carbonite's outstanding common stock and will expire on December 23, 2019.

3.      Defendants have now asked Carbonite's stockholders to support the Proposed Transaction based upon the materially incomplete and misleading representations and information contained in the Solicitation Statement, in violation of Sections 14(e), 14(d), and 20(a) of the Exchange Act. Specifically, the Solicitation Statement contains materially incomplete and misleading information concerning, among other things, (i) Carbonite's financial projections relied upon by the Company's financial advisor, J.P. Morgan Securities LLC ("J.P. Morgan"), in its financial analyses; and (ii) the data and inputs underlying the financial valuation analyses that support the fairness opinions provided by J.P. Morgan. The failure to adequately disclose such material information constitutes a violation of Sections 14(e), 14(d), and 20(a) of the Exchange Act as Carbonite stockholders need such information in order to tender their shares in support of the Proposed Transaction.

4.      It is imperative that the material information that has been omitted from the Solicitation Statement is disclosed to the Company's stockholders prior to the expiration of the Tender Offer.

5.      For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to Carbonite's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the Defendants' violations of the Exchange Act.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331 (federal question jurisdiction) as Plaintiff alleges violations of Sections 14(e), 14(d), and 20(a) of the Exchange Act and SEC Rule 14a-9.

7.      Personal jurisdiction exists over each Defendant either because each is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this District as to render the exercise of jurisdiction over defendant by this Court permissible under traditional notions of fair play and substantial justice.

8.      Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391, because Carbonite is incorporated in this District.

## PARTIES

9.      Plaintiff is, and has been at all relevant times, the owner of Carbonite common stock and has held such stock since prior to the wrongs complained of herein.

10.     Individual Defendant Steve Munford has served as a member of the Board since 2014, as Chairman of the Board since 2016, and as Interim Chief Executive Officer and President since 2019.

11.     Individual Defendant Scott Daniels has served as a member of the Board since 2016.

12.     Individual Defendant Marina Levinson has served as a member of the Board since 2017.

13.     Individual Defendant David Friend is a co-founder of the Company and has served as a member of the Board since 2016.

14.     Individual Defendant Linda Connly has been a member of the Board since 2019.

15.     Individual Defendant Charles Kane has served as a member of the Board since 2011.

16.     Individual Defendant Todd Krasnow has served as member of the Board since 2005.

17.     Defendant Carbonite is incorporated in Delaware and maintains its principal offices at Two Avenue de Lafayette, Boston, MA 02111.  The Company's common stock trades on the NASDAQ Stock Exchange under the symbol "CARB."

18.     Defendant Open Text is a Canadian corporation.

19.     Defendant Merger Sub is a Delaware corporation and a wholly owned subsidiary of Open Text.

20.     The defendants identified in paragraphs 10-16 are collectively referred to as the "Individual Defendants" or the "Board."

21.     The defendants identified in paragraphs 10-19 are collectively referred to as the "Defendants."

## SUBSTANTIVE ALLEGATIONS

**A.      The Proposed Transaction**

22.      Carbonite, together with its subsidiaries, provides backup, disaster recovery, high availability, and workload migration technology solutions in the United States. Its solutions include Carbonite Safe, a cloud backup solution for individuals and businesses that protects customer data from accidental deletions, crashes, ransomware, viruses, and other common threats; and Carbonite Endpoint that protects the data, which resides on an organization's computers, laptops, tablets, and smartphones. The Company's solutions also comprise Carbonite Server, an all-in-one server protection solution for physical, virtual, and legacy systems that deploys in an organization's onsite environment and store copies on a local target and direct to the secure Carbonite cloud; Carbonite Availability that keeps critical business systems available on Windows and Linux servers; and Carbonite Recover, a solution that securely replicates critical systems from an organization's primary environment to the cloud. In addition, it offers Carbonite Migrate, which migrates physical, virtual, and cloud workloads over any distance with minimal risk and near-zero downtime; and Carbonite Email Archiving that provides MailStore offerings designed to meet the specific email archiving needs of customers in terms of performance, stability, functionality, and simplicity. The Company provides its solutions through distributors, value-added resellers, managed service providers, and global systems integrators. Carbonite was founded in 2005 and is headquartered in Boston, Massachusetts.

23.      On November 11, 2019, the Company announced the Proposed Transaction:

> BOSTON, MA - November 11, 2019 - Carbonite, Inc. (NASDAQ: CARB), a global leader in data protection and cybersecurity, today announced that it has entered into a definitive agreement to be acquired by OpenTextTM (NASDAQ: OTEX, TSX:OTEX), a market leader in Enterprise Information Management software and solutions, for $23.00 per Carbonite share in cash. The transaction values Carbonite at an enterprise value of approximately $1.42

5

billion and represents a 78% premium to Carbonite's unaffected closing stock price on September 5, 2019, the last trading day before a media report was published speculating about a potential sale process.

"Following expressions of interest from multiple parties, the Carbonite Board conducted a thorough and comprehensive process, which included contact with a number of strategic and financial parties, to identify the best way to maximize shareholder value," said Steve Munford, Interim Chief Executive Officer and President/Executive Chairman of the Board of Carbonite. "The Board strongly believes that a transaction with OpenText delivers compelling, immediate and substantial cash value to shareholders.

Munford continued, "Carbonite has expanded its solutions to become a leader in cyber resiliency. We have grown through both organic and inorganic opportunities over the years, enhancing our routes to market, diversifying our customer base, and assembling a talented workforce, while adding meaningful scale. Joining with OpenText is an exciting next step for Carbonite."

OpenText is a leader in Enterprise Information Management (EIM), both on-premises and for cloud services, offering the only complete solution for EIM with a comprehensive view of all the information within an organization. OpenText operates in 40 countries, providing a tested platform for growth and new sales opportunities.

The transaction is subject to customary closing conditions, including the tender of a majority of the outstanding shares of Carbonite common stock and regulatory approvals.

J.P. Morgan Securities LLC acted as financial advisor to Carbonite, and Skadden, Arps, Slate, Meagher & Flom LLP acted as legal advisor.

24.     It is therefore imperative that Carbonite's stockholders are provided with the material information that has been omitted from the Solicitation Statement, so that they can meaningfully assess whether or not the Proposed Transaction is in their best interests.

**B.     The Materially Incomplete and Misleading Solicitation Statement**

25.     On November 25, 2019, Carbonite filed the Solicitation Statement with the SEC in connection with the Proposed Transaction.  The Solicitation Statement was furnished to the

Company's stockholders and solicits the stockholders to tender their shares in support of the Proposed Transaction. The Individual Defendants were obligated to carefully review the Solicitation Statement before it was filed with the SEC and disseminated to the Company's stockholders to ensure that it did not contain any material misrepresentations or omissions. However, the Solicitation Statement misrepresents and/or omits material information that is necessary for the Company's stockholders to make an informed decision concerning whether to tender their shares, in violation of Sections 14(e), 14(d), and 20(a) of the Exchange Act.

26.     The Solicitation Statement omits material information regarding the Company's financial projections and the valuation analyses performed by J.P. Morgan, the disclosure of which is material because it provides stockholders with a basis to project the future financial performance of the target company, and allows stockholders to better understand the analyses performed by the financial advisor in support of its fairness opinion of the transaction.

27.     For the February Forecast and the September Forecast (the "Projections") prepared by Company management for Carbonite, the Solicitation Statement provides values for non-GAAP (Generally Accepted Accounting Principles) financial metrics such as (1) Non-GAAP Operating Expenses incl. Synergies, (2) Non-GAAP Operating Income Incl. Synergies, (3) Total Adjusted EBITDA incl. Synergies, (4) Non-GAAP Gross Profit, (5) Non-GAAP Operating Expenses, (6) Non-GAAP Operating Income, (7) Total Adjusted EBITDA, and (8) Unlevered Free Cash Flow, but fails to disclose: (i) the line items used to calculate the non-GAAP measures, or (ii) a reconciliation of these non-GAAP metrics to their most comparable GAAP measures, in direct violation of Regulation G. Solicitation Statement 30-31.

28.     With respect to J.P. Morgan's *Discounted Cash Flow Analysis*, the Solicitation Statement fails to disclose: (i) the projected terminal values for the Company; (ii) the Company's unlevered free cash flows, including the line items used to calculate them; (iii) the basis for

applying a perpetual growth rate ranging from 0.0% to 1.0%; (iv) the basis for applying the range of discount rates from 9.% to 11.0%; and (v) the number of fully diluted shares of common stock outstanding. Solicitation Statement at 36.

29.     In sum, the omission of the above-referenced information renders statements in the Solicitation Statement materially incomplete and misleading in contravention of the Exchange Act.  Absent disclosure of the foregoing material information prior to the expiration of the Tender Offer, Plaintiff will be unable to make a fully-informed decision regarding whether to tender her shares, and she is thus threatened with irreparable harm, warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

### COUNT I

**On Behalf of Plaintiff Against All Defendants for
Violations of Section 14(e) of the Exchange Act**

30.     Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

31.     Section 14(e) of the Exchange Act provides that it is unlawful "for any person to make any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading . . ." 15 U.S.C. § 78n(e).

32.     Defendants violated Section 14(e) of the Exchange Act by issuing the Solicitation Statement in which they made untrue statements of material facts or failed to state all material facts necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading, in conjunction with the Tender Offer. Defendants knew or recklessly disregarded that the Solicitation Statement failed to disclose material facts necessary

in order to make the statements made, in light of the circumstances under which they were made, not misleading.

33.     The Solicitation Statement was prepared, reviewed and/or disseminated by Defendants. It misrepresented and/or omitted material facts, including material information about the consideration offered to stockholders via the Tender Offer, the intrinsic value of the Company, the Company's financial projections, and the financial advisor's valuation analyses and resultant fairness opinion.

34.     In so doing, Defendants made untrue statements of material fact and omitted material information necessary to make the statements that were made not misleading in violation of Section 14(e) of the Exchange Act. By virtue of their positions within the Company and/or roles in the process and in the preparation of the Solicitation Statement, Defendants were aware of this information and their obligation to disclose this information in the Solicitation Statement.

35.     The omissions and misleading statements in the Solicitation Statement are material in that a reasonable stockholder would consider them important in deciding whether to tender their shares or seek appraisal. In addition, a reasonable investor would view the information identified above which has been omitted from the Solicitation Statement as altering the "total mix" of information made available to stockholders.

36.     Defendants knowingly, or with deliberate recklessness, omitted the material information identified above from the Solicitation Statement, causing certain statements therein to be materially incomplete and therefore misleading. Indeed, while Defendants undoubtedly had access to and/or reviewed the omitted material information in connection with approving the Tender Offer, they allowed it to be omitted from the Solicitation Statement, rendering certain portions of the Solicitation Statement materially incomplete and therefore misleading.

37.    The misrepresentations and omissions in the Solicitation Statement are material to Plaintiff, and Plaintiff will be deprived of her entitlement to make a fully informed decision if such misrepresentations and omissions are not corrected prior to the expiration of the Tender Offer.

## COUNT II

### Violations of Section 14(d)(4) of the Exchange Act and
### Rule 14d-9 Promulgated Thereunder
### Against All Defendants

38.    Plaintiff repeats and re-alleges each allegation set forth above as if fully set forth herein.

39.    Defendants have caused the Solicitation Statement to be issued with the intention of soliciting stockholder support of the Tender Offer.

40.    Section 14(d)(4) of the Exchange Act and SEC Rule 14d-9 promulgated thereunder require full and complete disclosure in connection with tender offers.

41.    The Solicitation Statement violates Section 14(d)(4) and Rule 14d-9 because it omits material facts, including those set forth above, which render the Solicitation Statement false and/or misleading.

42.    Defendants knowingly, or with deliberate recklessness, omitted the material information identified above from the Solicitation Statement, causing certain statements therein to be materially incomplete and therefore misleading. Indeed, while Defendants undoubtedly had access to and/or reviewed the omitted material information in connection with approving the Tender Offer, they allowed it to be omitted from the Solicitation Statement, rendering certain portions of the Solicitation Statement materially incomplete and therefore misleading.

43.    The misrepresentations and omissions in the Solicitation Statement are material to Plaintiff and Plaintiff will be deprived of her entitlement to make a fully informed decision if

such misrepresentations and omissions are not corrected prior to the expiration of the Tender Offer.

## COUNT III

**On Behalf of Plaintiff Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act**

44.     Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

45.     The Individual Defendants acted as controlling persons of Carbonite within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their positions as directors of Carbonite, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the incomplete and misleading statements contained in the Solicitation Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of Carbonite, including the content and dissemination of the various statements that Plaintiff contends are materially incomplete and misleading.

46.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Solicitation Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

47.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of Carbonite, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the Exchange Act violations alleged herein, and exercised the same.  The omitted information identified above was reviewed by the Board prior to voting on the Proposed Transaction.  The Solicitation Statement

at issue contains the unanimous recommendation of the Board to approve the Proposed Transaction.  The Individual Defendants were thus directly involved in the making of the Solicitation Statement.

48.     In addition, as the Solicitation Statement sets forth at length, and as described herein, the Individual Defendants were involved in negotiating, reviewing, and approving the Merger Agreement.  The Solicitation Statement purports to describe the various issues and information that the Individual Defendants reviewed and considered.  The Individual Defendants participated in drafting and/or gave their input on the content of those descriptions.

49.     By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

50.     As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(d) and (e), by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act.  As a direct and proximate result of Individual Defendants' conduct, Plaintiff will be irreparably harmed.

51.     Plaintiff has no adequate remedy at law.  Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

## RELIEF REQUESTED

WHEREFORE, Plaintiff demands injunctive relief in her favor and against the Defendants jointly and severally, as follows:

A.     Preliminarily and permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from proceeding with,

consummating, or closing the Proposed Transaction, unless and until Defendants disclose the material information identified above which has been omitted from the Solicitation Statement;

B.     Rescinding, to the extent already implemented, the Merger Agreement or any of the terms thereof, or granting Plaintiff rescissory damages;

C.     Directing the Defendants to account to Plaintiff for all damages suffered as a result of their wrongdoing;

D.     Awarding Plaintiff the costs and disbursements of this action, including reasonable attorneys' and expert fees and expenses; and

E.     Granting such other and further equitable relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: December 10, 2019

**RIGRODSKY & LONG, P.A.**

By:  */s/ Gina M. Serra*

Brian D. Long (#4347)
Gina M. Serra (#5387)

**OF COUNSEL:**

300 Delaware Avenue, Suite 1220

**WOLF HALDENSTEIN ADLER**
**FREEMAN & HERZ LLP**
Wilmington, DE 19801
Gloria Kui Melwani
Telephone: (302) 295-5310
270 Madison Avenue
Facsimile: (302) 654-7530
New York, NY 10016
Email: bdl@rl-legal.com
Telephone: (212) 545-4600
Email: gms@rl-legal.com
Facsimile: (212) 686-0114
Email: melwani@whafh.com

*Attorneys for Plaintiff*